UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HANMING FENG *on behalf of himself and others similarly situated*,

               Plaintiff,

-against-

SOY SAUCE LLC and GAVRIEL BORENSTEIN,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
**15 CV 3058 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Hanming Feng brings this action on behalf of himself and all others similarly situated against defendants Soy Sauce LLC and its owner Gavriel Borenstein to recover unpaid wages and overtime premiums pursuant to the Fair Labor Standards Act ("FLSA or the Act"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.* Plaintiff moves for: (1) conditional certification as a collective action pursuant to 29 U.S.C. § 216(b); (2) production of the names and personal information of potential opt-in plaintiffs; (3) authorization to post and circulate a proposed notice of pendency to potential opt-in plaintiffs; and (4) equitable tolling of the statute of limitations pending expiration of the opt-in period. For the following reasons, Plaintiff's motion is granted in part and denied in part.[1]

## BACKGROUND

According to Plaintiff's Amended Complaint, Gavriel Borenstein owns and exercises control of the day-to-day operations at Soy Sauce LLC ("Soy Sauce"). (Am. Compl. ¶¶ 9, 12–13, ECF No. 12.) Soy Sauce does business as Soy Sauce Restaurant, located at 68-22 Main Street,

---

[1] I need not issue a Report and Recommendation as a Magistrate Judge may order the relief sought in this motion. See Patton v. Thomson Corp., 364 F. Supp. 2d 263, 265–66 (E.D.N.Y. 2005) (a magistrate judge may order conditional certification of a collective action and class notice under the FLSA).

1

Flushing, New York, has an annual gross volume of sales exceeding $500,000, and purchases and handles goods moved in interstate commerce. (Id. ¶¶ 8–11.)

Plaintiff worked at Soy Sauce as a chef from October 15, 2014 to April 2, 2015. (Id. ¶ 8.) He alleges that he worked six days per week for a total of 62.5 hours per week, pursuant to the following schedule: Mondays through Thursdays and Sundays, from 10:30 A.M. to 10:00 P.M., and Fridays, from 10:30 A.M. to 3:30 P.M. (Id. ¶ 23; Pl. Aff. ¶ 5, ECF No. 31-2.) As part of an alleged common policy, Defendants underreported employees' hours on their paystubs. (Am. Compl. ¶ 25.) Defendants issued Plaintiff paystubs reflecting that he worked 30, not 62.5, hours each week. (Id. ¶ 26.) Defendants paid Plaintiff "an average" of two weekly cash payments of $250 and $230, amounting to $480 per week. (Id. ¶ 27.) Plaintiff alleges that Defendants "failed to pay Plaintiff his lawfully earned minimum wages and overtime compensation" for the hours he worked over 40 hours per week, and the "spread-of-hours" pay due to him under the NYLL for days he worked more than 10 hours. (Id. ¶¶ 26–29.) Additionally, Plaintiff alleges that Defendants further violated New York law by failing to provide him meal periods, accurate pay stubs, and pay rate notices and to maintain accurate records. (Id. ¶¶ 63–81.)

Plaintiff commenced this action on May 26, 2015, on behalf of himself as well as all other similarly situated employees of Soy Sauce. (ECF No. 1.) Defendant Soy Sauce failed to respond to Plaintiff's complaint, but Borenstein appeared *pro se* and answered the complaint. (ECF No. 26.) He asserted that Soy Sauce lacked funds to hire an attorney in order to appear in this Court. Following some discovery, Plaintiff filed the instant motion seeking conditional certification as a collective action. (ECF No. 31.) Defendants have not opposed Plaintiff's motion.

# DISCUSSION

## I. Conditional Certification of the FLSA Collective Action

An FLSA plaintiff may maintain an action against any employer in behalf of himself and other employees "similarly situated" with respect to the alleged FLSA violations. 29 U.S.C. § 216(b); see Shahriar v. Smith & Wollensky Restaurant Grp., Inc., 659 F.3d 234, 247 (2d Cir. 2011) (explaining that the FLSA collective action provision applies only to wage claims under the FLSA). To become a party plaintiff to such a collective action, an employee must "opt-in" by giving "his consent in writing" and then filing his consent in the court in which the collective action was brought. 29 U.S.C. § 216(b). There is no provision in the FLSA requiring that the Court certify a collective action as it would a class action under Federal Rule of Civil Procedure 23. Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009) (citations omitted). Nevertheless, the Supreme Court has upheld the district court practice of certifying collective actions as an "exercise of the discretionary power" that "facilitate[s] the sending of notice to potential class members." Myers v. The Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989)).

"[U]nlike class certification under [Rule] 23, no showing of numerosity, typicality, commonality and representativeness need be made for certification of a representative action." Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007) (citation and internal quotation marks omitted). The FLSA standard for conditional collective action certification is "far more lenient, and indeed, materially different . . . ." Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 643 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Courts within this Circuit employ a two-stage process to determine whether to certify a collective action. See Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 367–68 (S.D.N.Y. 2007);

see also Myers, 624 F.3d at 554–55 ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible."). At the first stage, the conditional certification or "notice" stage, the court determines, based on the plaintiff's pleading and affidavits, "whether the plaintiff[] and potential opt-in plaintiffs are sufficiently 'similarly situated' to issue notice and allow the case to proceed as a collective action through discovery." Lynch, 491 F. Supp. 2d at 368. "During the second stage, the court undertakes a more stringent factual determination as to whether members of the [collective action] are, in fact, similarly situated." Id.

Plaintiff's case is in the first stage. The burden is minimal: Plaintiff "need only make 'a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffman v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This standard does not require that Plaintiff and the opt-in plaintiffs be identical in all respects, but Plaintiff "must at least provide some evidence that the proposed class members are similarly situated . . . ." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012); see Myers, 624 F.3d at 555 ("The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'" (citation omitted)). To that end, Plaintiff may rely upon his "own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

The Court draws all inferences in favor of the plaintiff at the preliminary certification stage. Id. at 446. Because "the court does not resolve factual disputes, decide substantive issues

going to the ultimate merits, or make credibility determinations" at this early juncture, a defendant cannot defeat a conditional certification by presenting conflicting factual assertions. Lynch, 491 F. Supp. 2d at 368; see Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 407 n.6 (S.D.N.Y. 2012) ("[C]ourts in this Circuit regularly conclude that [competing] declarations do not undermine the plaintiff's showing in the first stage of the conditional certification process."). "The action may be 'de-certified' if the record reveals that [the proposed class members] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers, 624 F.3d at 555.

### A. Plaintiff's Individual FLSA Claims

As a prerequisite to a collective action, the named plaintiff must demonstrate that he, himself, was a victim of the defendants' illegal pay practices. Kim, 985 F. Supp. 2d at 447 (citing Vengurlekar v. Silverline Techs., Ltd., 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (denying collective certification where named plaintiffs were exempt from the FLSA's requirements)). First, Plaintiff alleges that, as a chef/cook at Soy Sauce, he was not exempt from the protection of the FLSA, but he does not detail his duties. (Am. Compl. ¶¶ 8, 18.) This is sufficient, though only barely, to establish his exempt status at this stage. See Kim, 985 F. Supp. 2d at 447 (finding sous chef's allegation of exempt status sufficient at conditional certification stage despite defendants' challenge that he performed managerial tasks).

Plaintiff asserts three claims under the FLSA: that Defendants failed to pay him minimum wage and overtime premiums and failed to advise him of FLSA's overtime provisions in accordance with the FLSA. (Am. Compl. ¶¶ 34–41, 47–54.) Plaintiff does not state in his affidavit how much Defendants paid him. In his Amended Complaint, he states that, on average, he received weekly cash payments of $480. Dividing the total hours Plaintiff alleges he worked

5

on any given workweek (62.5) by Plaintiff's weekly pay, Defendants paid Plaintiff $7.68 per hour. See United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2d Cir. 1960) (holding that there is no FLSA minimum wage violation "if the total wage paid to [the worker] during any given week is divided by the total time he worked that week, [and] the resulting average hourly wage exceeds [the minimum]."). Even if proven, Plaintiff's allegations would *not* establish a violation of FLSA's minimum wage provision because the minimum federal wage for the period when Plaintiff worked was $7.25. 29 U.S.C. § 206. It is irrelevant that Plaintiff's paystubs may not have accurately reflected that he worked 62.5 hours per week because his pay exceeded the federal minimum wage when averaged over the hours he actually worked. See Monger v. Cactus Salon & SPA's LLC, No. 08-CV-1817, 2009 WL 1916386, at *1 (E.D.N.Y. July 6, 2009) ("It does not matter that an employee is required to work "off the clock" for any given number of hours if her pay for the entire week is sufficient to maintain the statutory hourly rate . . . ."). Plaintiff therefore does not establish that he was a victim of a common policy of violating the FLSA's minimum wage provision.

He does, however, state a violation of FLSA's overtime payment provision. That provision requires Defendants to pay him one-and-one half the hourly wage for hours worked over forty hours in a week. 29 U.S.C. § 207(a)(1); 29 C.F.R. § 516. Plaintiff attests that he worked Mondays through Thursdays and Sundays, from 10:30 A.M. to 10:00 P.M., and Fridays, from 10:30 A.M. to 3:30 P.M, and calculates that Defendants failed to pay him 22.5 hours of overtime premiums each week. (Pl. Aff. ¶¶ 4–7.) This is enough to allege a FLSA overtime violation. See DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013) (requiring an allegation that plaintiff was scheduled to work over forty hours in a given week and unpaid for those hours beyond forty to raise a plausible FLSA overtime claim). He also sufficiently alleges

that Defendants failed to provide him notice of the FLSA's overtime provision, in violation of 29 C.F.R. § 516.4. (Am. Compl. ¶¶ 52–53.)

In Plaintiff's motion for conditional certification, Plaintiff argues that the proposed class shares Plaintiff's claims that Defendants violated FLSA's record-keeping requirements. (Mem. at 10.) The Amended Complaint only alleges that Defendants "did not properly keep records," without reference to the FLSA's provisions. (Am. Compl. ¶ 24). Plaintiff cannot raise a new claim through a motion. I therefore find that Plaintiff has only adequately alleged a FLSA overtime and notice claim.

### B. Similarly-Situated Potential Plaintiffs

Defendants allegedly subjected Plaintiff and the proposed class members to a "common policy of understating the work hours of Plaintiff and employees of Corporate Defendants on their paystub records" and of "willfully failing and refusing to pay them at least the hourly minimum wage for each [h]our of work and /or at one and one half times this rate for the work in excess of forty (40) hours per workweek." (Am. Compl. ¶¶ 25, 31; see Pl. Aff. ¶ 11.) In his memorandum of law, Plaintiff elaborates that Defendants also violated the same NYLL and New York Code of Rules and Regulations ("NYCRR"), with respect to him and the proposed class members. On this basis, Plaintiff defines the proposed class for the collective action to include: "those hourly paid, non-managerial employees of the Defendants . . . who previously worked for Defendants during the past three (3) years and who:

   (i)    worked overtime during that period;

   (ii)   did not receive overtime compensation at one-and-one-half the hourly rate;

   (iii)  did not have their employment period properly recorded;

   (iv)   did not receive vacation time as agreed upon;

7

(v) were not provided with the Time of Hire Notice detailing hiring rate of pay and of regular pay day;

(vi) were not provided with detailed pay stub for each payday.

(Mem. at 5, EC No. 32.)

Plaintiff improperly includes state-law claims as a basis for the FLSA collective action. Collective actions under the FLSA encompass only FLSA violations. See Shahriar, 659 F.3d at 247. However, Plaintiff defines the proposed collective action to raise claims under the NYLL and NYCRR for minimum wage, overtime, failure to provide a Time of Hire notice, properly record employment periods, and to provide vacation time and accurate paystubs.[2] To bring state-law claims on behalf of others against Defendants, Plaintiff must seek class certification pursuant to Rule 23. See Romero v. La Revise Assocs., L.L.C., 968 F. Supp. 2d 639, 648–49 (S.D.N.Y. 2013) (limiting FLSA collective action class to FLSA claims when NYLL claims had not yet been certified pursuant to Rule 23). Because Rule 23 certification has not been requested, I limit my consideration to the FLSA claims Plaintiff identifies, under the FLSA's minimum wage, overtime and notice provisions, to determine whether he is similarly situated to the proposed class members.

Regarding the potential opt-in plaintiffs' wages, Plaintiff merely states this: that he talked to several of his co-workers in Soy Sauce's kitchen, including two other chefs, a packager, and an oil worker, and therefore knew that they, like him, "did not receive minimum wages and over-times." (Pl. Aff. ¶ 11.) He does not provide any further factual allegations, such as who those workers are or their pay and schedules, to support his legal conclusion that they were not paid minimum wage. Plaintiff therefore fails to set forth even the modest factual showing that the potential opt-in employees were not paid at or above federal minimum wage rate. Further,

---

[2] The proposed class is also overbroad in that Plaintiff's Amended Complaint does not allege that Defendants improperly denied *him* vacation time or inaccurately recorded his employment period.

8

Plaintiff's allegation that Defendants subjected his fellow workers to this same practice and failed to pay those workers minimum wage is contradictory in the sense that Defendants paid Plaintiff above the federal minimum wage. (See discussion infra.) Even if the potential opt-in employees were paid below the federal minimum wage, certification of that claim would be inappropriate because Plaintiff, who was paid at a rate above the minimum wage, would not be similarly situated. See Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 115–16 (S.D.N.Y. 2015) ("Certification is not appropriate where putative plaintiffs are potentially subject to separate unlawful policies involving different FLSA violations.").

However, the instant record sets forth the modest factual showing that the potential opt-in employees, including other kitchen staff, were not properly compensated for their overtime hours. As noted, Plaintiff asserts that fellow non-exempt, non-managerial employees at Soy Sauce, specifically, chefs, a packager, and an oil worker, were not paid overtime premiums. (Pl. Aff. ¶¶ 11–12.) Plaintiff's allegations regarding these co-workers, while lacking facts such as the hours they worked and the payments they received, or affidavits from those workers, is not fatal to the collective overtime claim as it was to the minimum wage claim because Plaintiff's overtime allegations are not contradictory and Plaintiff has stated a FLSA overtime claim of his own. See Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("Conditional class certification is appropriate here where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations."). Moreover, Plaintiff's assertion that his non-managerial co-workers were similarly underpaid is bolstered by personal knowledge. See Kim, 985 F. Supp. 2d at 448 (crediting plaintiff's affidavit to extent it relied on personal observations of how co-workers at same location were paid for purposes of conditional certification). Unlike cases in which the collective action includes

9

workers from other locations, Plaintiff only seeks to include staff with whom he worked or who worked in the same restaurant under the same manager as he did. Cf. Lujan v. Cabana Mgmt., Inc., No. 10-CV-755, 2011 WL 317984, at *4–9 (E.D.N.Y. Feb. 1, 2011) (conditionally certifying employees at three New York restaurants based on declarations from workers representing each location, but declining to certify employees at the three Florida restaurants because the Court lacked "firsthand evidence of violations at the Florida restaurants during the limitations period"); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 356 (S.D.N.Y. 2008) (conditionally certifying employees at the store where plaintiffs worked, but declining to certify employees at five other stores where the evidence relating to those five stores amounted to three hearsay statements and a putative class member's "generalized allegations of wrongdoing" regarding one of the stores). Therefore, Plaintiff's affirmation that he spoke to his coworkers and learned that Defendants failed to pay them overtime is sufficient, at this preliminary stage, to establish that he is similarly situated to the potential opt-in kitchen workers regarding overtime pay. See Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (conditionally certifying class despite lack of any corroborating evidence other than employee's own affidavit). Similarly, Plaintiff has sufficiently alleged that, like him, the proposed class members did not receive notice of their rights under FLSA's overtime provision. (Pl. Aff. ¶¶ 14–15.)

However, to the extent Plaintiff seeks to include non-kitchen workers, such as delivery persons, servers, and busboys, (see Troy Decl. ¶ 2), he does not provide any factual support for his belief that these employees who worked in the "front-of-the house" at Soy Sauce were underpaid in the same way that Plaintiff alleges he and the co-workers with whom he spoke were. See Fa Ting Wang v. Empire State Auto Corp., No. 14-CV-1491, 2015 WL 4603117, at *9

(E.D.N.Y. July 29, 2015) (finding plaintiff's general statement in affidavit that he knew 30 other coworkers not paid overtime as insufficient to establish that they were similarly situated without describing basis for knowledge, identifying their names, or describing specific conversations with them); cf. Kim, 985 F. Supp. 2d at 448–49 (granting conditional certification on overtime claims for kitchen workers at single restaurant based on plaintiff's and another kitchen worker's affidavits describing discussions with potential opt-in plaintiffs regarding their unpaid overtime).

Accordingly, Plaintiff has met the minimal burden necessary at this stage for the Court to determine that he is similarly situated to all non-exempt, non-managerial current and former employees of Soy Sauce who did not provide direct service to customers, including chefs, packagers, and oil workers, who did not receive overtime premiums or notice of their rights under the FLSA overtime provision.

## II. Notice of Pendency and Consent Form

The Court hereby grants Plaintiff's motion to circulate and post the proposed notice of pendency, subject to the modifications set forth below.[3]

### A. Scope of Proposed Class

Plaintiff proposes that the notice of pendency of this collective action should be sent to all non-exempt, non-managerial employees who worked at Soy Sauce,[4] such as cooks, dishwashers, busboys, servers, delivery persons, and kitchen workers) from May 26, 2012 to the present. (Troy Decl. ¶ 2, ECF No. 33.) Because the Court has determined that Plaintiff is similarly situated only to Soy Sauce's kitchen staff with regard to overtime and notice claims, the

---

[3] The notice of pendency shall reflect that I have authorized the contents of the notice, as Judge Vitaliano referred the matter to me.
[4] The notice is addressed to current and former employees of Soy Sauce and "Gabriel Borenstein." (ECF No. 31-3.) The corrected notice should read "Gavriel Borenstein."

notice of pendency shall be specifically directed only to those employees and Plaintiff shall strike reference to minimum-wage and state-law claims.

**B. Time Period**

Plaintiff proposes that the notice of pendency should be sent to employees who worked for Defendants within the three years preceding the commencement of this action. (ECF No. 31-3.) The statute of limitations under the FLSA is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (citations omitted); see Anglada v. Linens 'N Things, Inc., No. 06 Civ. 12901 (CM)(LMS), 2007 U.S. Dist. LEXIS 39105, at *26 (S.D.N.Y. April 26, 2007) ("[U]sage of the three year date from the issuance of the notice is more in keeping with § 256(b)."). Here, Plaintiff alleges that Defendants willfully violated the FLSA; a three-year look-back period is therefore appropriate for the proposed class. See Romero, 968 F. Supp. 2d at 648–49 (limiting the proposed class to employees who worked for the defendant up to three years prior to filing of the complaint because that is the extent of the statute of limitations for willful violations of the FLSA); Fasanelli, 516 F. Supp. 2d 317 at 323 (sending notice to individuals employed by defendants over the past three years). Accordingly, the notice of pendency shall be directed to potential opt-in plaintiffs who worked at Soy Sauce in the three years preceding the date of this Order. The

notice shall be modified to replace the date "May 26, 2012 through the present" with the dates including three years prior to and up to the date of this Order.[5]

### C. Language Concerning Notice of Overtime Rights

The Court notes that Plaintiff's proposed notice of pendency and consent form does not reference the FLSA notice violation. Plaintiff sought, and the Court has granted, conditional certification as a collective action based on Defendants' failure to provide notices to employees of their rights under the FLSA's overtime provision. Accordingly, the notice of pendency and consent form shall refer to that alleged failure, in addition to Defendants' alleged failure to properly compensate for overtime hours.

### D. Rights and Obligations of Opt-in Plaintiffs

The notice of pendency should include "a neutral and non-technical reference to discovery obligations, to insure that opt-in plaintiffs understand that their participation would entail greater obligations than participation in some Rule 23 class actions." Lujan, 2011 WL 317984, at *11. Plaintiff's proposed notice contains such a statement, informing recipients that "[a]s a result of participating in [the FLSA] portion of this lawsuit, [he or she] may be required to provide written responses to questions asked by Defendants, provide evidence to support [their] claims, and testify at a deposition or at trial." (ECF No. 31-3.) The notice also adequately informs potential opt-in plaintiffs that they may retain their own counsel and are not required to designate plaintiff's law firm as their counsel. (Id.); see Garcia, 678 F. Supp. 2d at 95 (modifying the proposed notice "so that potential plaintiffs are informed that they may retain their own counsel, should they choose to join the within litigation, as an alternative to plaintiffs' counsel's firm").

---

[5] Because this manner of calculating the three-year statute of limitations effectively tolls the FLSA statute of limitations during the opt-in period, the Court need not address Plaintiff's request to toll that period. (See Mem. at 7.)

### E. Translation of Notice

Plaintiff proposes translating and publishing the notice of pendency and consent form in English and Chinese. (Mem. at 13.) However, he states that the "majority of the employees of the Defendants are Chinese and Hispanic immigrants, whom are not well versed in the English language . . . ." The notice of pendency and consent form, as modified herein, shall therefore be translated and published in not only English and Chinese, but also in Spanish.

### F. Submission of Consent Forms

Plaintiff proposes that opt-in plaintiffs should send the signed consent forms to Plaintiff's counsel. (ECF No. 31-3.) However, "[r]ecent cases in this district have suggested that such a procedure implicitly discourages opt-in plaintiffs from selecting other counsel." Lujan, 2011 WL 317984, at *13 (modifying plaintiffs' proposed notice to direct opt-in plaintiffs to send their consent forms to the court) (citations omitted). Accordingly, the notice of pendency shall direct opt-in plaintiffs to file their consent forms with the Clerk of Court. The Clerk of Court shall electronically file the signed consent forms which shall notify counsel and the *pro se* Defendant that a plaintiff has opted-in.

### G. Posting of the Notice of Pendency and Consent Forms

Plaintiff requests that the Court order Defendants to post the notice of pendency and consent forms in a conspicuous location at Soy Sauce. (Mem. at 14.) "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449 (citations omitted). Accordingly, for the duration of the opt-in period, Defendants shall post the notice of pendency and consent forms, as modified herein, on the employee bulletin boards and in other common areas conspicuous to all employees in Soy Sauce.

### III. Production of Names and Personal Information of Potential Opt-In Plaintiffs

Plaintiff moves for Defendant Borenstein to produce the names and personal information, including those individuals' dates of birth, Social security numbers, dates of employment, and last known mailing addresses, telephone numbers, and e-mail addresses for all potential opt-in plaintiffs who worked at Soy Sauce between December 31, 2011, and the date this Court decides this motion. (Mot. at 1.) Courts within this Circuit typically grant requests for the production of the names and last known addresses of potential opt-in plaintiffs when granting a motion for conditional certification as a collective action. See Cruz v. Lyn-Rog Inc., 754 F. Supp. 2d 521, 526 (E.D.N.Y. 2010) (citing cases); Capsolas v. Pasta Res., Inc., No. 10 Civ. 5595, 2011 WL 1770827, at *5 (S.D.N.Y. May 9, 2011) (directing defendants to produce potential opt-in plaintiffs' names, addresses and telephone numbers); In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145, 2010 WL 4340255, at *5–6 (S.D.N.Y. Oct. 27, 2010) (finding the disclosure of names, addresses, telephone numbers, and dates of employment to be "essential to identifying potential opt-in plaintiffs"). The Court therefore deems Plaintiff's request for names, last known addresses, telephone numbers, and dates and location of employment to be reasonable and appropriate.

However, production of potential opt-in plaintiffs' dates of birth, e-mail addresses, and Social Security numbers is unnecessary at this juncture and may violate the employees' privacy rights, particularly in light of the fact that the parties do not have a confidentiality agreement in place. See Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009) ("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."). If Plaintiff is unable to effectuate notice on some potential opt-in plaintiffs with the information that is

produced, Plaintiff may renew his application for additional information regarding those specific employees. See Whitehorn, 767 F. Supp. 2d at 448 ("While courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice.").

Further, it is unclear why Plaintiff seeks information regarding employees who worked for Soy Sauce outside the FLSA statute of limitations. Accordingly, Defendant Borenstein shall provide Plaintiff with the names, last known addresses, telephone numbers, and dates of employment of all potential opt-in plaintiffs who have worked for Soy Sauce within the three years preceding the date of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is granted in part and denied in part. Plaintiff shall submit a revised form of notice, consistent with this Memorandum and Order, by March 18, 2016. Defendant shall produce the names, last known addresses, telephone numbers, and dates of employment of potential opt-in plaintiffs to Plaintiff's counsel by March 23, 2016. SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: March 14, 2016
Brooklyn, New York