FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 27 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HANMING FENG *on behalf of himself and others similarly situated*,

                Plaintiff,

-against-

SOY SAUCE LLC, *d/b/a SOYSAUCE Glatt Kosher Chinese Take Out,* and GAVRIEL BORENSTEIN,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION
15 CV 3058 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff Hanming Feng brings this action on behalf of himself and all others similarly situated against defendants Soy Sauce LLC, d/b/a Soysauce Glatt Kosher Chinese Take Out, and its owner Gavriel Borenstein to recover unpaid wages and overtime premiums pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.*[1] Defendant Borenstein, who is proceeding *pro se*, moves for summary judgment on the grounds that: (1) the FLSA is inapplicable as Soy Sauce LLC does not engage in interstate commerce and its gross volume of sales is less than $500,000; and (2) that the Court, if it dismisses plaintiff's Federal claims, should decline to exercise supplemental jurisdiction over plaintiff's remaining State law claims. The Honorable Eric N. Vitaliano referred defendant's motion for summary judgment to me for a Report and Recommendation pursuant to

---

[1] Plaintiff also asserts that defendants filed fraudulent tax returns in violation of 26 U.S.C. § 7434. ("If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."). "'To establish a claim of tax fraud under 26 U.S.C. §7434,' [plaintiff] must prove (1) that [defendants] issued an information return; (2) that the information return was fraudulent; and (3) that [defendants] willfully issued a fraudulent information return." Seijo v. Casa Salsa, Inc., No. 12 CV 60892 (RNS), 2013 WL 6184969 (S.D.Fla. Nov. 25, 2013) (quoting Pitcher v. Waldman, 11 CV 148 (SKB), 2012 WL 5269060 (S.D.Ohio Oct. 23, 2012)). This claim is not addressed by the instant motion and therefore, shall proceed.

1

28 U.S.C. § 636(b). For the following reasons, it is recommended that defendant Borenstein's motion for summary judgment should be denied.

## BACKGROUND

The following facts are drawn from plaintiff's Amended Complaint, defendant's "Rule 56.1 Statement" ("Def's. 56.1."), plaintiff's "Rule 56.1 Counter Statement of Undisputed Material Facts on Motion for Summary Judgment" ("Pl.'s 56.1."), and the exhibits attached to the parties' moving papers. Unless otherwise noted, the following facts are undisputed and are supported by admissible evidence.[2] See Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) ("[The Court] must be satisfied that the citation to evidence in the record supports the assertion."); see also Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003) (explaining that the Court must review the record to ensure it supports the defendant's Rule 56.1 statement of facts).

### I. Procedural Background

Plaintiff commenced this action on May 26, 2015, on behalf of himself as well as all other similarly situated employees of Soy Sauce, a kosher Chinese restaurant in Flushing, Queens, seeking to recover unpaid wages and overtime premiums pursuant to the FLSA and NYLL. (ECF No. 1.) On July 27, 2015, Gavriel Borenstein, proceeding *pro se*, answered the complaint on behalf of himself and Soy Sauce LLC. (ECF No. 9.) Within 21 days of the answer being filed, plaintiff filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 12.) By Order dated August 10, 2015, the Court informed defendant Borenstein that, as a limited liability corporation, Soy Sauce LLC may defend against the action only through licensed counsel.

---

[2] Several factual assertions in the parties' Rule 56.1 statements are not supported by citations to the record. See Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001) (explaining that "district courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that where there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the court is free to disregard the assertion"); see also Fed. R. Civ. P. 56.1(d) (requiring citation to admissible evidence showing genuine issue of material fact to support factual assertion); Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) ("Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact.").

(Id. at 15.) On November 23, 2015, defendant Borenstein answered the Amended Complaint.[3] (Id. at 26.)

On February 15, 2016, plaintiff moved for conditional certification as a collective action. (Id. at 31.) The Court granted plaintiff's motion and the Court approved the notice and consent forms.[4] (ECF Nos. 42, 53.) On March 22, 2016, defendant Borenstein filed a letter motion seeking to move to dismiss plaintiff's claims under the FLSA on the grounds that Soy Sauce's annual gross volume of sales is less than $500,000. (Id. at 44.) On April 1, 2016, the Honorable Eric N. Vitaliano denied defendant's letter motion as untimely and informed defendant that he "may renew his motion, as a motion for summary judgment, based on the limited issue" of Soy Sauce's annual gross sales. (Docket Entry, dated Apr. 1, 2016). On May 13, 2016, the fully briefed summary judgment motion was filed. (ECF Nos. 58-63.) On November 14, 2016, the Honorable Eric N. Vitaliano referred defendant's motion for summary judgment to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

II.     *Factual Background*

Gavriel Borenstein is the owner of Soy Sauce, a small kosher Chinese restaurant located at 68-22 Main Street in Flushing, New York. (Def's 56.1 ¶ 1.) Defendant Borenstein incorporated the restaurant as Soy Sauce LLC in 2013 and Borenstein is the "sole manager and operator of the business." (Id. at ¶¶ 2, 3.) The business is primarily engaged in take-out and delivery of traditional Chinese food within a two-mile radius of the restaurant. (Id. at ¶¶ 7, 9.) Plaintiff, Hanming Feng, who is known to defendant as Xi Wang, was employed as a chef in the restaurant from October

---

[3] Defendant Soy Sauce LLC has not interposed a response to the Amended Complaint nor has an attorney appeared on Soy Sauce's behalf. Accordingly, the instant motion for summary judgment is made only on behalf of defendant Borenstein and not Soy Sauce. See Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 187 (2d Cir. 2006) ("[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel."). Plaintiff has not moved for a default judgment against Soy Sauce.
[4] Zin Hui Zhang, Yam Man Po, and Tian F. Zeng have filed "Consent to Join" forms. (ECF Nos. 71, 72, 75.)

15, 2014 to April 2, 2015. (Id. at ¶¶ 13, 14; see also Plaintiff's Amended Complaint ("Am. Comp."), ECF No. 12, at ¶ 8.) Plaintiff was paid, on average, $506 per week.[5] (See "Affidavit of Gavriel Borenstein in Reply" (hereinafter "Def's Reply") at ¶ 1a.)

In arguing for summary judgment, defendant Borenstein asserts that Soy Sauce "does not deliver outside New York" and "receivse (sic) shipment of all its goods and products from within New York and does not receive any shipments from out of state."[6] (Def's. 56.1 at ¶¶ 9, 11.) Specifically, Soy Sauce receives its restaurant supplies solely from businesses located in New York State, including from Glatt Boys Kosher Meat, Inc., Seasons Kosher Supermarket, and Wing Keung Enterprises. (Id. at ¶ 11.) Defendant further states that Soy Sauce's gross sales were, during the relevant time period, below the statutory threshold of $500,000. (See id. at ¶¶ 16-20; see also Soy Sauce's 2014 Tax Return ("2014 Tax Return"), annexed to Affidavit of Gavriel Borenstein ("Borenstein Aff.") as Exhibit C ("Ex. C.") (listing Soy Sauce's 2014 gross sales as $445,476); Soy Sauce's New York Sales Tax Quarterly Income Reports ("Quarterly Reports"), annexed to Borenstein Aff. as Exhibit D ("Ex. D.") (listing Soy Sauce's sales from March 2014 through August 2015); and Letter from Soy Sauce's Accountant David Meisel ("Meisel's Letter"), annexed to Borenstein Aff. as Exhibit F ("Ex. F.") (stating that Soy Sauce's gross sales were less than $500,000 in 2013 and 2014)). Plaintiff disputes these facts and argues that the evidence that defendant relies upon is questionable and unreliable. (See Pl.'s Opp. at p. 7 (explaining that Soy

---

[5] The parties dispute plaintiff's average weekly salary. Plaintiff alleges that he was paid, on average, $480 per week. (Pl.'s 56.1 at ¶ 15.) In defendant's Rule 56.1 statement, defendant asserts that plaintiff was paid $484 per week. (Def's 56.1 at ¶ 15.) However, in the May 13, 2016 "Affidavit of Gavriel Borenstein in Reply", which the Court construes as defendant's reply to plaintiff's opposition, defendant states that this is an error and that "[p]laintiff was in fact paid on average $506 dollars a week. ($243.56 cash + $262.50 check)." (Def.'s Reply, at ¶ 1a.) The Court finds that although the parties dispute the specific amount that plaintiff was paid each week, it is undisputed that plaintiff was paid roughly half of his wages by check and the other half in cash.

[6] In his Rule 56.1 counterstatement, plaintiff does not deny defendant's assertions; rather, plaintiff simply states that he has "no knowledge of the statements." (Pl.'s 56.1 at ¶¶ 9, 11.) However, plaintiff, in his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Opp."), asserts that such facts, even if undisputed, are not dispositive as to whether Soy Sauce engaged in interstate commerce. (Pl.'s Opp. at 5-6.)

4

Sauce's gross sales are "grossly understated.")). However, and notwithstanding the fact that plaintiff fails to adduce specific evidence showing that Soy Sauce's gross sales were above $500,000, defendant has failed to show, through admissible evidence, that Soy Sauce grossed less than $500,000 in sales for the years 2014 and 2015.

## STANDARD OF REVIEW

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (quoting Anderson, 477 U.S. at 248).

When facing a summary judgment motion, a *pro se* party's submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Fed. Bureau of Prisons, 470 F.3sd 471, 474 (2d Cir. 2006) (emphasis in the original); Parris v. Acme Bus Corp., 956 F.Supp.2d 384, 391 (E.D.N.Y. 2013). However, the non-moving party must provide "affirmative evidence" from which a jury could return a verdict in its favor. Anderson, 477 U.S. at 257. Where the movant shows a prima facie entitlement to summary judgment, "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting Kerzer v. Kingly Mfg., 156

F.3d 396, 400 (2d Cir. 1998)). "The 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." Id. (quoting Anderson, 477 U.S. at 252). Here, the Court must liberally construe *pro se* defendant's submissions while interpreting the facts in the light most favorable to the non-movant, plaintiff.

## DISCUSSION

### I. *Coverage Under the Fair Labor Standards Act*

The Fair Labor Standards Act was enacted to correct and eliminate "conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)-(b). As such, "courts construe the FLSA 'liberally to apply to the furthest reaches consistent with congressional direction.'" Rocha v. Bakhter Afghan Halal Kababs, Inc., 44 F.Supp.2d 337, 342 (E.D.N.Y. 2014) (quoting Jacobs v. New York Foundling Hosp., 577 F.3d 93, 97 (2d Cir. 2009) (per curiam)). The FLSA "provides federal minimum wage and overtime protections for employees that fall within its scope." Id. (citing 29 U.S.C. §§ 206, 207)). As "[e]mployee coverage is an element of [a] plaintiff's FLSA claim," the employee bears the burden of establishing that he or she is covered under the FLSA. Jian Long Li v. Li Qin Zhao, 35 F.Supp.3d 300, 305 (E.D.N.Y. 2014).

An employee is covered by the FLSA where he is (1) "engaged in commerce or in the production of goods for commerce"; or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a), 207(a)(1).[7] "These two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively." Jacobs, 577 F.3d at 96. "The failure of the plaintiff to demonstrate an issue for trial involving employee coverage, based on either the enterprise or individual theory, is a proper basis for dismissing [the] FLSA

---

[7] The FLSA defines 'commerce' to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

6

claim on summary judgment." Jian Long Li, 35 F. Supp. 3d at 305 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

   *a. Individual Coverage*

Under a theory of individual coverage, a plaintiff must show that he was "engaged in the production of goods for commerce or otherwise engaged in commerce." Ethelberth v. Choice Sec. Co., 91 F.Supp.3d 339, 354 (E.D.N.Y. 2015). Simply put, "if [the plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA". Yang Li v. Ya Yi Cheng, No. 10 CV 4664 (JBW)(CLP), 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012), adopting report and recommendation, 2012 WL 1004854 (E.D.N.Y. Jan. 6, 2012).[8] Further, "activities that simply 'affect or indirectly relate to interstate commerce' are insufficient" to qualify an employee under a theory of individual coverage. Jian Long Li, 35 F.Supp.3d at 308 (quoting McLeod v. Threlkeld, 319 U.S. 491, 497 (1943) (explaining that "handlers of goods for a wholesaler who moves them interstate in order to meet the needs of specific customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not.")).

Here, defendant asserts that plaintiff, who worked solely as a chef in the kitchen, is not individually covered under the FLSA because the restaurant, which is located in Flushing, New York, is mainly engaged in delivery orders limited to a 2-mile radius within New York State. (See Def's. 56.1 at ¶¶ 7-9, 13; see also Memorandum of Law in Support of Defendant Borenstein's Motion for Summary Judgment ("Def.'s Memorandum") at p. 7.)) The Court agrees and finds that plaintiff is not individually covered under the FLSA.[9] See e.g. Yang Li, 2012 WL 1004852, at * 4

---

[8] The Clerk of Court is directed to send defendant the attached copies of all unreported cases cited herein.
[9] Plaintiff does not assert that he qualifies as an employee under the FLSA through a theory of individual coverage. (See Am. Comp., ECF No. 12 at ¶¶ 11, 35 (stating that Soy Sauce "purchased and handled goods moved in interstate

(finding servers at a Brooklyn Chinese restaurant are not "involved in the production of goods for commerce.").

    *b. Enterprise Coverage*

Under a theory of enterprise coverage, plaintiff must show that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). A business is qualified as an enterprise under the FLSA if it: (1) "has employees engaged in commerce, or . . . [has employees] handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has an "annual gross volume of sales made or business done [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). Enterprise coverage is interpreted broadly; therefore, "[s]o long as the employer achieves an annual gross business volume of $500,000 or more, '*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.'" Ethelberth, 91 F.Supp.3d at 355 (quoting Jones v. E. Brooklyn Security Services Corp., No. 11 CV 1021 (JG), 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (emphasis in original)).

Defendant asserts that plaintiff cannot seek coverage under an enterprise theory as Soy Sauce is a small, local restaurant that does not engage in interstate commerce. (Def.'s Memorandum at p. 6.) Moreover, and more importantly, defendant asserts that Soy Sauce's annual gross volume of sales is less than $500,000. (Id. at p. 5-6.) Plaintiff argues that there is a genuine issue of material fact as to whether Soy Sauce is an enterprise under the FLSA. (Pl.'s Opp. at p. 5-6.)

---

commerce" but making no mention of plaintiff's specific involvement in interstate commerce); see also Pl.'s Opp. at p. 5-8 (addressing coverage under the enterprise theory and focusing solely on the business activities of Soy Sauce)).

### *1. Plaintiff Satisfies the First Prong*

Defendant states that Soy Sauce does not satisfy the first prong of the enterprise coverage theory because "defendant did not engage in commerce or in the production of goods for commerce." (Def.'s Memorandum at 6.) Specifically, defendant alleges that Soy Sauce "does not deliver outside New York State and receives all [of] its supplies in [New York] State" from suppliers "located next door to Soy Sauce." (Id.) Defendant misstates what is required by the FLSA by focusing exclusively on where Soy Sauce's deliveries are made and where its suppliers are located. Rather, the first prong of enterprise coverage is "satisfied 'if [employees] merely handled supplies or equipment that originated out-of-state.'" Rocha, 44 F.Supp.2d at 346 (quoting Rodriguez v. Almighty Cleaning Inc., 784 F.Supp.2d 114, 121 (E.D.N.Y. 2011) (collecting cases)). Thus, the first prong is "relatively easy to establish." Id.

Defendant, in support of his position, cites to Lamont v. Frank Soup Bowl, Inc, where the Court found a Bronx restaurant not "in the channels of interstate commerce when it cooked meals for patrons and sold take-out orders from a single location." No. 99 CV 12482 (JSM), 2001 WL 521815, at * 2 (S.D.N.Y. May 16, 2001) (explaining that if the Court found otherwise "every hot dog vendor in New York would be engaged in producing goods for interstate commerce.") In Lamont, plaintiff argued that defendant was involved in the production of food for interstate commerce as several out-of-state customers allegedly purchased food from the restaurant. Id. In rejecting plaintiff's argument, the Court explained "that fact alone cannot serve as evidence that [the restaurant] prepares the food for interstate commerce." Id. However, to qualify under the enterprise coverage theory, the FLSA does not require a good to be prepared for interstate commerce rather, it is sufficient to show only that an employee works "on goods or materials that have been *moved in* . . . for commerce by any person. 29 U.S.C. § 203(s)(1)(a) (emphasis added).

9

Here, it is undisputed that Soy Sauce receives restaurant supplies from, among other suppliers, Wing Keung Enterprises. (Def.'s 56.1 at ¶ 11.) However, and notwithstanding the fact that Wing Keung Enterprises is located in Flushing, New York, defendant admits that Soy Sauce receives "paper goods and Chinese dry goods" from the supplier. (Id.) Therefore, even though defendant submits that all supplies are delivered from within New York, as explained in Yang Li, this "argument fails to appreciate the fact that those supplies almost certainly crossed state lines before being purchased by defendant[]. And that is enough to satisfy the first portion of the enterprise coverage requirement." 2012 WL 1004852, at *6 (finding a Brooklyn Chinese restaurant's "purchase of rice and other ingredients", even if supplied by local New York City vendors, satisfied the first prong for enterprise coverage); see also Gaviria v. Columbus Bakery, Inc., No. 11 Civ. 6999 (JLL), 2013 WL 6008495, at *3 (D.N.J. Nov. 12, 2013) (finding a genuine dispute of fact concerning satisfaction of the first prong where a bakery handled poppy and sesame seeds which, due to limitations on commercial cultivation, were likely grown out-of-state, and therefore likely traveled in interstate commerce); see also Gomez v. El Rancho de Andres Carne de Tres Inc., No. 12 CV 1264 (CBA)(MDG), 2014 WL 1310296, at *1 (E.D.N.Y. Mar. 11, 2014), report and recommendation adopted, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014) (where the Court inferred that plaintiff handled goods moved in interstate commerce as the restaurant served Columbian cuisine). Accordingly, as goods and materials used at Soy Sauce likely moved through interstate commerce, the Court finds that plaintiff satisfies the first prong for enterprise coverage.

### 2. Disputed Material Issue of Fact Exists as to the Second Prong

Defendant asserts that plaintiff is not covered by the FLSA as Soy Sauce does not have annual gross sales or business of $500,000 or more. However, the Court finds that there is a genuine issue of material fact in dispute as to whether Soy Sauce's gross sales exceeded $500,000.

See Monterossa v. Martinez Rest. Corp., No. 11 Civ. 3689 (JMF), 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012) ("In order to survive summary judgment, [p]laintiff [] need not prove that the Restaurant had gross income of more than $500,000; that would be their burden at trial. Plaintiff [] need only show that there is a material dispute of fact regarding the issue.").

Defendant relies on Soy Sauce's 2014 Tax Return[10] and Soy Sauce's Quarterly Reports[11] to support his position. However, the Court cannot rely on Soy Sauce's Tax Return and Quarterly Reports as the documents are "unsigned and unaccompanied by a statement or affidavit of the tax preparer." Monterossa, 2012 WL 3890212, at *3; see also Rocha, 44 F.Supp.3d at 348 (finding defendant's unsigned and unauthenticated tax returns unreliable). Although defendant attaches a letter purportedly from Soy Sauce's accountant and tax preparer,[12] the letter cannot be used to authenticate or confirm the 2014 Tax Return or the Quarterly Reports as the letter is not an affidavit nor are the statements in the letter sworn to under penalty of perjury. (See Borenstein Aff, at Ex. F.) Accordingly, the Court cannot find that Soy Sauce's gross sales were less than $500,000 as a matter of law.

Even if the Court were to rely on defendant's 2014 Tax Return, plaintiff asserts that "there is good reason to doubt the validity of this return" as the record reflects that defendant underreported Soy Sauce's income. (Pl.'s Opp., at p. 7.) Defendant asserts that the 2014 Tax Return is reliable and that plaintiff's mere speculation is not sufficient to overcome the showing made through Soy Sauce's Tax Return. (Def.'s Memorandum at p. 5-6.) Defendant cites to Jian Long Li, 35 F.Supp.3d at 305, and Xelo v. Mavros, No 03 CV 3665 (NG)(MDG), 2005 WL

---

[10] The 2014 Tax Return shows that Soy Sauce's gross sales in 2014 was $445,476. (See Borenstein Aff., at Ex. C.)
[11] The Quarterly Reports reflect Soy Sauce's reported sales, in three month intervals, from March 2014 to August 2015. (See Borenstein Aff., at Ex. D.)
[12] The full text of the letter is as follows: "[t]his is to confirm that we are the accountants for Soy Sauce LLC. This is to confirm that for the calendar years 2013 & 2014 sales were not in excess of $500,000." (Borenstein Aff., at Ex. F.)

11

2385724, at * 2 (E.D.N.Y. Sept. 28, 2005), to support his contention that the Court should rely on defendant's various tax and bank records to find that Soy Sauce grossed less than $500,000 annually. However, in both cases cited by defendant, plaintiffs failed to identify any evidence showing that the documents were inaccurate or that the returns underreported gross sales. Although some courts have relied on tax returns in similar cases, "[t]here is substantial precedent suggesting that tax returns are not dispositive and the veracity of those documents can be questioned by a plaintiff." Jia Hu Qian v. Siew Foong Hui, No. 11 Civ. 5584 (CM), 2013 WL 3009389, at *3 (S.D.N.Y. Jun. 14, 2013). Here, plaintiff's "evidence challenges the reliability of the Restaurant's stated yearly income as set forth in the tax returns, and therefore raises genuine issues of material fact as to whether the Restaurant earned over $500,000." Rocha, 44 F.Supp.3d at 350 (collecting cases where Courts denied summary judgment when tax returns were questioned).

Plaintiff argues that Soy Sauce's 2014 Tax Return is unreliable and cites to defendant's "Payroll Totals for January 1, 2014 through May 26, 2015" ("Payroll History") which details the amount Soy Sauce paid, by check, to its employees and lists a gross salary payment of $175,190.60. (See Payroll History, annexed to Borenstein Aff., as Exhibit E ("Ex. E.")). After adjusting the amount to take into consideration the fact that the Payroll History includes checks written for all of 2014 and 5 months of 2015, plaintiff submits that, per month, Soy Sauce paid an average of $10,305.33 in salary to its employees. (See Pl.'s Opp. at 7, n.2.) Therefore, over a 12 month period, Soy Sauce's salary payments, made by check, equal approximately $123,663.96, which is a number roughly in line with the $131,900 listed on Soy Sauce's 2014 Tax Return as the amount paid in salaries and wages. (See Borenstein Aff., at Ex. B). However, these salary and wage numbers are suspect. Defendant admits that on top of the wages paid to his employees by

check, he paid an "additional $80,000 to employees in cash per year." (Def.'s 56.1 at ¶ 16.) Moreover, defendant admits that plaintiff was paid approximately half of his salary in cash and half by check. (See Def.'s Reply at ¶ 1(a).) Accordingly, plaintiff submits that the amount stated on the 2014 Tax Return is significantly underreported as Soy Sauce's additional cash payments to its employees is likely unaccounted for in the 2014 Tax Return.[13] The Court agrees.[14]

Even if the Court were to find the 2014 Tax Return authentic, accurate, and reliable, defendant has failed to provide the complete record to the Court. Although defendant provides the 2014 Tax Return, defendant failed to provide a tax return for 2015. As plaintiff alleges he worked at Soy Sauce from October 15, 2014 to April 2, 2015, defendant's failure to provide the 2015 tax return raises additional concerns regarding Soy Sauce's gross sales in 2015.[15] See Jia Hu Qian, 2013 WL 3009389, at *4 (finding disputed issues of fact due to defendant's failure to provide all sales receipts in support of defendant's assertion that its gross sales were less than $500,000). Without sufficient record evidence, "this Court [finds] that there are disputed issues concerning the completeness and quite possibl[y] the veracity[] of defendant['s] financial data." Id.

---

[13] Defendant disputes plaintiff's questioning of the 2014 Tax Return and attaches various bank statements showing credit card payments to the restaurant as well as documents detailing various bridge loans taken out by defendant. (See Def.'s Reply, p. 5-14.) The Court cannot rely on these documents however as the documents are not accompanied by an affidavit swearing to their authenticity. However, even if the Court were to rely on these documents, the Court still finds that plaintiff raises a genuine issue of material fact that is in dispute sufficient to defeat defendant's motion for summary judgment.

[14] The Court notes that the "Salaries and Wages" listed on the 2014 Tax Return is claimed as a deduction. Therefore, it is likely in Soy Sauce's interest to list the highest possible number so as to receive the greatest deduction available under the Tax code. However, and as plaintiff points out, "it is not unreasonable to assume that the reason that the 'Salaries and Wages' figure is underreported is in order not to call into question the reported revenue." (See Pl.'s Opp. at 8 (explaining that Soy Sauce's annual sales would exceed $500,000 if the additional $80,000 in wages paid to the employees in cash is added to the gross sales).

[15] Even though defendant's motion for summary judgment was filed in May of 2016, the 2015 tax return should have been included as part of the record. (See IRS Tax Calendars, Publication 509 (2016), https://www.irs.gov/pub/irs-prior/p509--2016.pdf (last visited Dec. 27, 2016) (explaining that a 2015 tax return should be filed with the Internal Revenue Service by April 18, 2016)). However, even if defendant had provided Soy Sauce's 2015 tax return, there would still be a question of material fact in dispute sufficient to defeat defendant's motion.

Finally, even if the Court were to rely on defendant's Quarterly Reports to support defendant's position, the Court cannot find that Soy Sauce's gross sales were less than $500,000. Defendant submits Quarterly Reports which purport to show plaintiff's gross sales for 6 three-month periods starting in March 2014 and ending in August 2015. (See Borenstein Aff., at Ex. F.) The relevant information culled from the Quarterly Reports is reproduced in the following chart:

| Three Month Period | Gross Sales |
| --- | --- |
| March 2014 - May 2014 | $127,615 |
| June 2014 - August 2014 | $117,995 |
| September 2014 - November 2014 | $126,340 |
| December 2014 - February 2015 | $138,382 |
| March 2015 - May 2015 | $107,443 |
| June 2015 - August 2015 | $114,677 |

Although not addressed or analyzed by plaintiff, the Court, in its attempt to construe *pro se* defendant's arguments liberally, examined the Quarterly Reports. The Court finds that the Quarterly Reports raise questions regarding whether Soy Sauce's gross sales were less than $500,000. For example, in adding the gross sales reported in the Quarterly Reports from March 2014 to February 2015, a 12-month period, Soy Sauce's gross sales equals $510,332. While not all 12-month periods show gross sales in excess of $500,000;[16] the Quarterly Reports raise sufficient questions for plaintiff to withstand defendant's motion for summary judgment.

Accordingly, the Court finds that there is a genuine issue of material fact in dispute as to whether Soy Sauce's gross sales were in excess of $500,000. Therefore, defendant fails to demonstrate as a matter of law that Soy Sauce does not qualify as an enterprise under the FLSA.

---

[16] For example, during the period of June 2014 to May 2015, Soy Sauce's gross sales was $490,160.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment should be denied. If this Report & Recommendation is adopted, the parties should be directed to prepare their portions of a joint pretrial order within fourteen (14) days.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

SO ORDERED.

/S/ Judge Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: December 27, 2016
Brooklyn, New York